[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15080
Non-Argument Calendar
_____

Agency No. A098-734-809

RAFAEL ENRIQUE ZAMBRANO DIAZ,
FABIOLA ZAMBRANO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____
(July 17, 2012)

Before MARCUS, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Rafael Enrique Zambrano Diaz ("Zambrano Diaz"), and his wife and derivative beneficiary Fabiola Zambrano ("Fabiola"), petition for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of Zambrano Diaz's application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment ("CAT").  In his petition for review, Zambrano Diaz argues that: (1) the BIA's and IJ's adverse-credibility determination was not supported by the weight of the evidence; (2) he demonstrated that he and Fabiola suffered persecution in Venezuela on account of their political opinions and that they feared that they would be persecuted in the future if they were removed from the United States; and (3) his showing of persecution also qualifies him for withholding of removal, and he has also shown that it is "more likely than not" that he will be tortured at the hands of the Venezuelan government, he qualifies for CAT relief.  After careful review, we deny the petition.

When the BIA issues a decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  "Insofar as the [BIA] adopts the IJ's reasoning, we will

2

review the IJ's decision as well." Id. Here, because the BIA issued its own decision but adopted much of the IJ's reasoning with respect to the IJ's adverse-credibility determination, we review both opinions.

We review factual determinations, which include credibility determinations, under the substantial-evidence test. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254-55 (11th Cir. 2006). We must affirm such determinations if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). We will view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. at 1255 (quotation omitted).

First, we are unpersuaded by Zambrano Diaz's claim that the BIA's and IJ's adverse-credibility determination was not supported by the weight of the evidence. An applicant for asylum must meet the INA's definition of a refugee. 8 U.S.C. § 1158(b)(1). The definition of "refugee" includes:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

Id. § 1101(a)(42)(A).  Thus, to meet the definition of a refugee, the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution."  Ruiz, 440 F.3d at 1257 (quotation omitted).

An applicant's testimony, if credible, may be sufficient to sustain his burden of proof, without corroborating evidence.  Id. at 1255.  Conversely, if the applicant relies solely on his testimony, an adverse-credibility determination alone may be sufficient to support the denial of an application.  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  "If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances."  Id.

When the IJ enters an adverse-credibility finding, the applicant must demonstrate that the decision was not supported by "specific, cogent reasons" or was not based on substantial evidence.  Ruiz, 440 F.3d at 1255.  If the IJ enumerates inconsistencies between the asylum application, hearing testimony, and documentary evidence, and the inconsistencies are supported by the record, we will not substitute our judgment for that of the IJ with respect to credibility findings.  D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).

4

In this case, the IJ'S and BIA's adverse-credibility determination is supported by substantial evidence, including discrepancies regarding (1) the extent of the injuries Fabiola received at an anti-government protest in 2003 and the treatment she received for them, (2) the number and frequency of the threatening phone calls Zambrano Diaz received, and (3) the alleged kidnaping of Zambrano Diaz's father-in-law.  Even if Zambrano Diaz's explanation of nervousness and the passage of time as the cause of the inconsistencies in the record was reasonable, this explanation does not compel a reversal of the IJ's and BIA's adverse-credibility finding.  See Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (stating that "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings").  Where, as here, the IJ makes a detailed credibility determination based on enumerated inconsistencies that are supported by the record, we "will not substitute our judgment" and overturn the IJ's findings.  D-Muhumed, 388 F.3d at 819.

Next, we reject Zambrano Diaz's argument that he and Fabiola suffered persecution in Venezuela on account of their political opinions and that they feared that they would be persecuted in the future if they were removed from the United States.  To establish asylum eligibility based on political opinion, an applicant carries the burden of proving, with credible evidence, either that he suffered past persecution

5

on account of his political opinion, or that he has a well-founded fear that he will be persecuted in the future due to his political opinion. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007). Persecution "is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and alteration omitted). In determining whether an alien has suffered past persecution, the factfinder must consider the cumulative effect of any alleged incidents found to be credible. Delgado v. U.S. Att'y Gen., 487 F.3d 855, 861 & n.5 (11th Cir. 2007).

The applicant's fear of persecution must be "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. The subjective component is generally satisfied by the applicant's credible testimony that he genuinely fears persecution, and in most cases, the objective prong can be fulfilled either by establishing past persecution or that he has a good reason to fear future persecution. Id. The applicant must also show a nexus between a statutorily protected ground and the feared persecution, and he can do so by presenting specific facts showing a good reason to fear that he will be "singled out" on account of the statutorily protected factor. Forgue, 401 F.3d at 1286.

6

As an initial matter, we lack jurisdiction to consider Zambrano Diaz's claims regarding the likelihood of future persecution due to (1) the presence of the names of he and his wife on the "Tascón List," (2) the recent closure by President Hugo Chavez of the Venezuelan consulate, and (3) the birth of his U.S. citizen child. Zabrano Diaz failed to raise these arguments before the BIA, and, thus, they are unexhausted. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lack jurisdiction to consider a claim not raised before the BIA, even when the BIA sua sponte considers the claim).

Moreover, contrary to Zambrano Diaz's argument, the IJ did explain why the October, 2004, kidnaping of Zambrano Diaz and Fabiola did not rise to the level of persecution, and the record does not compel a contrary determination. The IJ explicitly considered the fact that they were only detained for several hours, were not physically harmed, and were released when the kidnappers determined that they had no useful information related to the elections. Nor does the record compel the finding that this incident was "extreme." See, e.g., Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1171, 1174 (11th Cir. 2008); Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1353 (11th Cir. 2009). The IJ was not required to consider the "cumulative effect" of all of the alleged incidents of persecution because the IJ specifically found these incidents to be unsupported by credible evidence. Delgado, 487 F.3d at 861 n.5.

7

In addition, Zambrano Diaz failed to demonstrate, with "specific and credible evidence," that he had a well-founded fear of future persecution. Ruiz, 440 F.3d at 1257. The October, 2004, kidnaping of Zambrano Diaz and Fabiola coincided with the gubernatorial elections, and the kidnappers only sought information from Fabiola about those elections. Zambrano Diaz and Fabiola left Venezuela shortly after this incident, and there was no indication that the government or the Bolivarian Circles sought to persecute either of them once the election had concluded and the results were announced. Although Zambrano Diaz testified at the merits hearing that the political situation in Venezuela had worsened since he left in 2004, he did not point to any evidence in the record that supported this assertion. Nor did he or Fabiola testify that they had remained politically active in the time since they had left Venezuela, or that there was any reason why they would be specifically targeted for persecution in light of the length of time that had elapsed since they left the country. See Forgue, 401 F.3d at 1286 (requiring an asylum applicant to demonstrate a probability that he will be "singled out" for persecution on account of a statutorily protected factor). Accordingly, he failed to demonstrate that he has a fear of persecution that is both "subjectively genuine and objectively reasonable," and, therefore, failed to establish his statutory eligibility for asylum relief. Al Najjar, 257 F.3d at 1289.

8

Finally, we find no merit to Zambrano Diaz's claim that he qualifies for withholding of removal and CAT relief. To qualify for withholding of removal, an applicant must establish that his life or freedom would be threatened in his country of origin on account of a statutorily protected ground. See 8 U.S.C. § 1231(b)(3)(A). The applicant must demonstrate that he would "more likely than not" be persecuted upon being returned to his country of origin. Sepulveda, 401 F.3d at 1232. When an applicant fails to establish a claim of asylum on the merits, he necessarily fails to establish his eligibility for withholding of removal. Forgue, 401 F.3d at 1288 n.4. To secure protection under the CAT, an applicant must show that it is more likely than not that he would be tortured if removed to the proposed country, and this torture must be done with the consent or acquiescence of a public official. 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1).

The Attorney General is required to withhold removal when an applicant meets the burden of showing that the applicant's life or freedom would be threatened in the applicant's country because of a protected ground. 8 U.S.C. § 1231(b)(3)(A). However, because Zambrano Diaz could not prove his entitlement to asylum relief, he necessarily failed to demonstrate that it was "more likely than not" that he would be persecuted in Venezuela. Sepulveda, 401 F.3d at 1232-33. Further, aside from his conclusory assertions, Zambrano Diaz has not pointed to evidence in the record

9

demonstrating that it is  "more likely than not" that he will be tortured if he is removed to Venezuela, and therefore, he has not demonstrated his eligibility for CAT relief.  8 C.F.R. § 1208.16(c).  Accordingly, we deny Zambrano Diaz's petition for review as to his claims for asylum, withholding of removal, and CAT relief.

**PETITION DENIED.**